## No. 26987

**The Colorado Bar Association, a Colorado Corporation v. Molly Anna Miles and David Nelson, individually and d/b/a Divorce and Family Education Associates, Economy Divorce Agency, Careful-Way Services and National Divorce Clinic**

(557 P.2d 1202)

Decided December 20, 1976.

Alex Stephen Keller, for plaintiff-appellee.

Pittroff & Hansen, L. Joseph Pittroff, Ted L. Hansen, for defendants-appellants.

*En Banc.*

MR. JUSTICE DAY* delivered the opinion of the Court.

---

* Retired Supreme Court Jusice sitting under assignment of the Chief Justice under provision of Article VI, Section 5(3) of the constitution of Colorado.

This action was commenced in the Denver District Court by the Colorado Bar Association seeking a permanent injunction against several "divorce agencies" engaged in what has been described as a "do-it-yourself" divorce business.

The complaint alleged that the services offered to and the relationship established with persons hiring the agencies constituted the unauthorized practice of law. After a hearing, the court entered findings of fact and ruled as a matter of law that the agencies were engaging in the practice of law and entered judgment enjoining them from continuing said practices.

Appellants are the only defendants to appeal from the injunction, contending that the evidence of their practices and procedures does not support a finding of unlawful practice of law as to them. We affirm, but modify the injunction.

It is admitted by the appellants that, if their activities were such as enjoined by the court in all but two particulars, such conduct would constitute the practice of law and that the injunction is proper as to those acts. Therefore the issues on appeal here are narrowed to only those two paragraphs of the injunction to which they specifically object. As to those paragraphs we agree in part with appellants, but rather than remand to the trial court for modification, we determine that we can and should modify the injunction here.

The trial court determined that the defendants should be permanently enjoined from doing the following:

"1. Holding themselves out, or allowing themselves to be held out, through newspaper advertising or otherwise, as being able or available to provide to third persons aid or assistance in obtaining a dissolution, annulment or severence of any marriage.

"2. Holding themselves out, or allowing themselves to be held out, through newspaper advertising or otherwise, as being available or able to consult with third persons regarding the Colorado family law or of any other laws applicable to the rights and duties of third persons in relation to a dissolution of marriage.

"3. Holding themselves out, or allowing themselves to be held out, through newspaper advertising or otherwise, as being experts or specialists in the advising in respect to or assisting in the preparation of pleadings, forms or other papers to be filed by third persons in dissolution proceedings.

"4. Holding themselves out, or allowing themselves to be held out, through newspaper advertising or otherwise, as providing confidential consultations or appointments with third persons. .

"5. Holding themselves out, through newspaper advertising or otherwise, as providing, or being able to provide, any services other than performed by a scrivener or public stenographer.

"6. Preparing for third persons pleadings or other written instruments relating to a dissolution of marriage.

"7. Advising, either directly or by implication, third persons that the obtaining of a dissolution of marriage is a simple matter in most cases and that the services of an attorney can be avoided because of the services provided by defendants.

"8. Charging fees for such services as defendants may lawfully render that are greatly in excess of those charged by other public stenographers without first taking all reasonable steps to inform the customer that defendants' services are limited to those provided by other scriveners.

"9. Practicing law in any form or holding themselves out' as having the right to practice law in any form."

Defendants particularly object to paragraphs No. 6 and No. 8 as prohibiting lawful conduct and as having been imposed as excess of the court's jurisdiction.

■ Forms are readily available and are set forth in the statute. Any scrivener can fill in the blanks with information furnished by the client. No. 6 as written prohibits that. No. 6 therefore should be modified to read as follows:

"6. Preparing for other persons pleadings or other written instruments relating to dissolution of marriage other than in the manner performed by a scrivener or public stenographer."

■ Likewise, there is no statute regulating the fees that can be charged for services similar to those rendered by a public stenographer. Paragraph No. 8 purports to regulate the fees. This is beyond the jurisdiction of the court and paragraph No. 8 should be and it is hereby stricken.

Defendants' counsel in oral argument admitted all other prohibited acts set forth in paragraphs Nos. 1 through 5 and in Nos. 7 and 9 are proper, but claims these appellants did not engage in such practices. If this is so, then the appellants are not prejudiced and the injunction cannot do harm to their business practices.

With the modification of paragraph No. 6 and the deletion of paragraph No. 8, the judgment of the trial court entering the permanent injunction as modified is affirmed.

MR. JUSTICE CARRIGAN does not participate.